THE PEOPLE, *ex rel.* PALMER & TOMPKINS, *against* VAIL, TOMPKINS and ALLEN, Commissioners of Highways of the town of *Newcastle,* in the county of *Westchester.*

SEVERAL years ago, the Commissioners of Highways of the above town had laid out a road, on the application of twelve freeholders, pursuant to the 16th section of the *act to regulate highways,* (2 R. L. 275,) but had omitted to record it in the town clerk's office, as required by the 1st section of the act, (*id.* 270) nor had the road been opened. An *alternative mandamus,* returnable at the last *May* term, having issued, directed to the defendants, commanding them to proceed and open a road (describing it) they returned, that no such road, as the one described in the writ, had been laid out. The original application to lay out the road having been lost,

Where commissioners had laid out a road on the application of 12 freeholders, but neglected to file their proceedings, and a mandamus, directed to their successors, commanding them to open it, by mistake, misdescribed the road ; on application for a mandamus

rule requiring the defendants to furnish the original application, and that the mandamus be amended thereby, it appeared that the paper sought for had remained in the hands of H, a former commissioner and was beyond the control of the defendants : *Motion,* therefore, denied as to the defendants ;

But a rule was made upon H, that he file the paper with the clerk of the town, &c, or shew cause why he should not do so.

ALBANY,
October, 1823.

THE PEOPLE
v.
VAIL.

the affidavits for the *mandamus* had been drawn up from recollection; and affidavits were now produced, (copies whereof had been served on the defendants, with notice of the present motion) of information and belief, that the defendants, or one of them, had the application in their possession, or under their control ; and that *Vail*, one of the defendants, had admitted this. The affidavits farther went to shew that, probably, the *mandamus* had misdescribed the road, in consequence of the relator's not having had the use of the proper papers when he commenced his proceedings. The defendants made oath, that the application of the twelve freeholders was in the hands of *Nathaniel Hyatt*, Esquire, of *Newcastle*, and beyond their control; that *Hyatt* had been a commissioner in 1817. They admitted that a road had been laid out in pursuance of it, and that it was probably the same to which the *mandamus* had intended to refer.

S. A. *Foot*, moved for a rule, requiring the defendants to deliver the original application to one of the relators ; and that the *mandamus* be so amended as to correspond with the description therein.

*Henry*, contra, said, the amendment moved for would change the whole ground ; and if granted at all, it should be, on payment of costs.

*Foot*, in reply. This is the first time we have heard that the paper was in *Hyatt's* hands. As fair and correct officers, the commissioners should have filed their proceedings. Their omission to do this has misled us, and we ought not to be charged with costs.

*Curia.* The defendants make affidavit, that the paper is in *Hyatt's* hands, and beyond their control.

We, therefore, deny the motion, as to them, without costs ; but we direct that *Hyatt* file the application with the town clerk of *Newcastle*, or shew cause at the next term why he should not do so.